Andrew S. Biviano, WSBA #38086
Breean L. Beggs, WSBA #20795
Mary Elizabeth Dillon, WSBA #50727
PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave, Suite 560
Spokane, WA 99201
509-232-6670

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAINA BLEDSOE, a single woman,<br><br>**Plaintiff,**<br><br>v.<br><br>FERRY COUNTY, WASHINGTON; MICHAEL BLANKENSHIP, in his personal, representative and professional capacity; NATHAN DAVIS, in his personal, representative and professional capacity; JOHNNA EXNER, in her personal, representative and professional capacity; and AMANDA ROWTON, in her personal, representative and professional capacity,<br><br>**Defendants.** | NO.<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS, RETALIATORY PROSECUTION, AND MALICIOUS PROSECUTION |

COMES NOW Jaina Bledsoe, by and through her attorneys, Andrew Biviano, Breean Beggs, and Mary Elizabeth Dillon of Paukert & Troppmann, PLLC, and alleges as follows:

COMPLAINT FOR DAMAGES • Page 1

PAUKERT & TROPPMANN, PLLC
Attorneys At Law
522 W. Riverside, Suite 560
Spokane, WA 99201
Telephone (509) 232-7760

# I. PARTIES

1.1. Plaintiff Jaina Bledsoe ("Plaintiff" or "Ms. Bledsoe" *herein*) is a natural person, residing in Ferry County, within the Eastern District of Washington.

1.2. Defendant Ferry County ("Ferry County," *herein*) is a political subdivision organized under the laws of the state of Washington, situated in the State of Washington within the Eastern District of Washington, and the employer/principal of the individual defendants. It is a public entity as that term is defined in 42 U.S.C. § 12131 (1).

1.3. Defendant Ferry County Commissioner Michael Blankenship is a natural person and at all times pertinent to this complaint was an elected member of the Board of Commissioners for Ferry County. Defendant Blankenship is sued in his representative capacity as a County agent in regard to the state law claim, in his personal capacity in regard to federal claims, and as a policymaker for the County in regard to federal claims.

1.4. Defendant Ferry County Commissioner Nathan Davis is a natural person and at all times pertinent to this complaint was an elected member of the Board of Commissioners for Ferry County. Defendant Davis is sued in his representative capacity as a County agent in regard to the state law claim, in his personal

COMPLAINT FOR DAMAGES • Page 2

PAUKERT & TROPPMANN, PLLC
Attorneys At Law
522 W. Riverside, Suite 560
Spokane, WA 99201
Telephone (509) 232-7760

capacity in regard to federal claims, and as a policymaker for the County in regard to federal claims.

1.5. Defendant Ferry County Commissioner Johnna Exner is a natural person and at all times pertinent to this complaint was an elected member of the Board of Commissioners for Ferry County. Defendant Exner is sued in her representative capacity as a County agent in regard to the state law claim, in her personal capacity in regard to federal claims, and as a policymaker for the County in regard to federal claims.

1.6. Defendant Clerk of the Ferry County Commission Amanda Rowton is a natural person and at all times pertinent to this complaint was an employee of the Board of Commissioners for Ferry County. Defendant Rowton is sued in her representative capacity as a County agent in regard to the state law claim and in her personal capacity in regard to federal claims.

## II.    JURISDICTION AND VENUE

2.1   All acts complained of occurred in the Eastern District of Washington.

2.2   Jurisdiction is proper in the United States District Court pursuant to Title 42, United States Code § 1988; Title 28 USC § 1331; and 28 USC § 1343(a)(3).

COMPLAINT FOR DAMAGES • Page 3

PAUKERT & TROPPMANN, PLLC
Attorneys At Law
522 W. Riverside, Suite 560
Spokane, WA 99201
Telephone (509) 232-7760

2.3  Venue is proper in the United States District Court for the Eastern District of Washington pursuant to 28 U.S.C. § 1391(b) because Plaintiff's claims for relief arose in this District and one or more of the Defendants reside in this District.

### III.  SUPPLEMENTAL JURISDICTION

3.1  This complaint seeks relief for state law claims.

3.2  Plaintiffs presented a non-judicial notice of claim to Defendants on April 15, 2019.

3.3  Over 60 days have passed since the presentation of the non-judicial notice of claim.

### IV.  FACTS

4.1  At various times in 2017, County Commissioner Mike Blankenship described community members advocating for a non-motorized recreational trail in the county as "sheep" and "jackasses."

4.2  Mr. Blankenship does not deny these slurs and in fact wrote a letter to the editor of the local newspaper affirming them.

4.3  On October 17, 2017, Ms. Bledsoe delivered a shepherd's crook and a note addressed to Commissioner Blankenship to the Commission Building.

4.4  The October 17th note clearly referenced Ms. Bledsoe's continuing concern about Mr. Blankenship's disregard for the will of his constituents regarding the

COMPLAINT FOR DAMAGES • Page 4

PAUKERT & TROPPMANN, PLLC
Attorneys At Law
522 W. Riverside, Suite 560
Spokane, WA 99201
Telephone (509) 232-7760

recreational trail and stated: "Mike – The 'sheep' that are all concerned 'jackasses' about that 'piece of shit trail' would like to ensure that you have the proper tool for your particular leadership style. Enjoy! Sincerely, Jaina Bledsoe."

4.5 On October 17, 2017, police were called to the Commission Building, upon belief by Commissioners Nathan Davis and Johnna Exner, to report Ms. Bledsoe's note and shepherd's crook delivery.

4.6 On February 26, 2018, a Board of Commissioners public meeting was scheduled to further address the recreational trail issue.

4.7 Just prior to this meeting, Ms. Bledsoe, in an effort to encourage citizens attending the meeting not to be intimidated by Mr. Blankenship's name-calling, wrote in children's chalk on the cement public walkway leading to the public meeting room: "You are not sheep," and "You are not jackasses."

4.8 Ms. Bledsoe placed her two messages on the public walkways leading to the two entrances to the county-owned Board of Commissioners building, where public meetings of the Board take place.

4.9 Board of Commissioners uses the same area for public communication, and on the date in question used the doors where the chalking occurred to post notices about the pending public meeting regarding the recreational trail; those notices

COMPLAINT FOR DAMAGES • Page 5

PAUKERT & TROPPMANN, PLLC
Attorneys At Law
522 W. Riverside, Suite 560
Spokane, WA 99201
Telephone (509) 232-7760

were posted within a few feet of Ms. Bledsoe's chalked message regarding the same meeting.

4.10   The chalked messages caused no property damage and did not impair staff or citizen access to the public walkways or building.

4.11   Amanda Rowton, Clerk of the Board of Commissioners, telephoned the Ferry County law enforcement dispatcher and demanded that an officer confront Ms. Bledsoe, stating to the dispatcher, "[h]i, we just had Jaina Bledsoe run up to our office, and, like, chalk in front of the doors…?"

4.12   The dispatcher sent Officer Nick White to the scene, telling him, "it was just in chalk, but they're requesting contact."

4.13   Ms. Rowton informed Officer White that "she wanted to report this because it is not the first time this person has acted out against them."

4.14   Ms. Rowton or another agent of the Commission then proceeded to remove Ms. Bledsoe's messages, which were political speech clearly intended for attendees of a scheduled public meeting on the recreational trail issue and which were placed in a spot used for public communication in such a way as to avoid interfering with the intended use of the walkway.

COMPLAINT FOR DAMAGES • Page 6

PAUKERT & TROPPMANN, PLLC
Attorneys At Law
522 W. Riverside, Suite 560
Spokane, WA 99201
Telephone (509) 232-7760

4.15  Neither the City of Republic nor the Ferry County has any law prohibiting chalking on government property or right of ways such as sidewalks or walkways.

4.16  The citizens of Republic often draw in chalk on the sidewalks without prosecution and without having their messages removed by officials.

4.17  For instance, students from a local Christian school have chalked Bible verses and messages of religious encouragement on the sidewalks and upon belief have not been prosecuted or had their messages removed.

4.18  Shortly after this incident, Ms. Bledsoe chalked more messages on the sidewalks of Republic, after notifying the Prosecuting Attorney, County Sheriff and City Police Department when and where she intended to do so. She was not interfered with on this occasion, nor were her messages immediately removed by the authorities.

4.19  On March 21, 2018, the Ferry County Prosecuting Attorney filed a Complaint charging Ms. Bledsoe with Malicious Mischief in the Third Degree in Ferry County District Court for the February 26th chalking event.

4.20  Ms. Bledsoe received a Summons to appear on April 3, 2018 for an arraignment on the charge.

COMPLAINT FOR DAMAGES • Page 7

PAUKERT & TROPPMANN, PLLC
Attorneys At Law
522 W. Riverside, Suite 560
Spokane, WA 99201
Telephone (509) 232-7760

4.21 At the arraignment, Ms. Bledsoe was required to submit to restrictions on residency, during a time when her mother was dying in Portland, Oregon.

4.22 Commissioner Blankenship expressed to staff at the Prosecuting Attorney's office that he believed Ms. Bledsoe, who has no criminal record, should be convicted and sentenced to the maximum one year in jail and $5000 fine for the Malicious Mischief charge.

4.23 The Commissioners' office was in close contact with the Prosecuting Attorney's office before and after the Complaint was filed, and upon belief influenced that office to criminally prosecute Ms. Bledsoe's free speech.

4.24 An anonymous "concerned citizen" phoned the Prosecuting Attorney's office with advice on charging and venue for the criminal action against Ms. Bledsoe.

4.25 On August 20, 2018, Judge Thomas David Brown granted Ms. Bledsoe's motion to dismiss the charge, finding that writing in chalk on a sidewalk does not constitute property damage, an essential element of Malicious Mischief under RCW 9A.48.090(1)(a) and RCW 9A.48.100.

4.26 In his decision, Judge Brown wrote, "[A]ll of this is to say this is not about chalk. This is about a personal dislike for a citizen of Ferry County."

COMPLAINT FOR DAMAGES • Page 8

PAUKERT & TROPPMANN, PLLC
Attorneys At Law
522 W. Riverside, Suite 560
Spokane, WA 99201
Telephone (509) 232-7760

4.27 The Commissioners' Office continued to monitor Ms. Bledsoe's free speech activities, making certain that the Ferry County Sheriff was aware of Ms. Bledsoe's planned May 2018 chalking.

4.28 At an October 16, 2018 "candidates' night," Commissioner Nathan Davis responded to a query about the Commission's support of the criminal prosecution of Ms. Bledsoe for free speech.

4.29 While careful to say that the Commission "didn't tell the prosecutor to do anything" (a statement not supported by the evidence), Mr. Davis stated that he was concerned that Ms. Bledsoe was responsible for "a pattern of stuff that is starting to happen."

4.30 Commissioner Davis articulated his suspicion, without evidence, that Ms. Bledsoe may have punctured the deputy clerk's tire.

4.31 Commissioner Davis stated that "all these things lead up, umm, and the fact that this was done right before a potential contentious meeting[.]"

4.32 Commissioner Davis thus conceded that the censorship and prosecution of Ms. Bledsoe was indeed motivated by Defendants' dislike for Ms. Bledsoe, and the fact that her speech was part of a public political discussion happening in a public forum.

///

COMPLAINT FOR DAMAGES • Page 9

PAUKERT & TROPPMANN, PLLC
Attorneys At Law
522 W. Riverside, Suite 560
Spokane, WA 99201
Telephone (509) 232-7760

V. **CAUSES OF ACTION**

**Federal Claims under 42 U.S.C. § 1983**

A. **VIOLATION OF THE FIRST AMENDMENT**

5.1 Plaintiff repeats, re-alleges and incorporates by reference the allegations in paragraphs 1.1 – 4.32.

5.2 Plaintiff's chalked expression on February 26, 2018, was political speech, protected by the First Amendment to the United States Constitution.

5.3 Plaintiff exercised her right to free speech in a traditional public forum, or alternatively, in a designated public forum. As such, it may be excluded only when necessary to serve a compelling state interest and the exclusion is narrowly drawn to achieve that interest. Only time, place, and manner restrictions are permitted in a public forum and these restrictions must be content neutral, serve a significant government interest, be narrowly tailored to serve that interest, and leave open ample alternative channels of communication.

5.4 If the forum of speech is non-public, the government has a greater ability to restrict speech but still may not "suppress expression merely because public officials oppose the speaker's view." *Perry Educ. Ass'n v. Perry Local Educator's Ass'n,* 460 U.S. 37, 46 (1983).

COMPLAINT FOR DAMAGES • Page 10

PAUKERT & TROPPMANN, PLLC
Attorneys At Law
522 W. Riverside, Suite 560
Spokane, WA 99201
Telephone (509) 232-7760

5.5 Defendants acted under color of state law to censor Plaintiff's speech by effacing it before it could be seen by its intended audience. Defendants further acted under color of state law to censor Plaintiff's speech by calling police and bringing criminal charges, in an effort to deter Plaintiff from future speech.

5.6 Defendants violated the First Amendment by censoring Plaintiff's speech in a public forum without a compelling state interest, based on the content of the speech, and based on Defendants' opposition to Plaintiff's views. Defendants did not take action against chalked expression by any other citizen or on any topic other than Plaintiff's political speech.

5.7 As a result of Defendants' violation of Plaintiff's First Amendment right to free speech, Plaintiff has suffered and will continue to suffer damages, to include but not limited to economic losses, mental pain and anguish, emotional trauma, embarrassment, and humiliation, in an amount to be proven at trial.

### B.   RETALIATORY PROSECUTION

5.8 Plaintiff repeats, re-alleges and incorporates by reference the allegations in paragraphs 1.1 – 5.7.

5.9 Under the First Amendment to the United States Constitution, a citizen has the right to be free from governmental action taken to retaliate against the citizen's exercise of First Amendment.

COMPLAINT FOR DAMAGES • Page 11

PAUKERT & TROPPMANN, PLLC
Attorneys At Law
522 W. Riverside, Suite 560
Spokane, WA 99201
Telephone (509) 232-7760

5.10 Indeed, "State action designed to retaliate against and chill political expression strikes at the very heart of the First Amendment." *Sloman v. Tadlock*, 21 F.3d 1462, 1469-70 (9th Cir. 1994).

5.11 Plaintiff was engaged in a constitutionally protected activity when she chalked her political message on the sidewalk on February 26, 2018.

5.12 Defendants acted under color of state law to retaliate against Plaintiff for her speech by calling law enforcement regarding her speech activities and by encouraging the Prosecuting Attorney to file a criminal charge against Plaintiff.

5.13 Defendants' actions of calling law enforcement and fomenting an unwarranted criminal prosecution of Plaintiff would chill a person of ordinary firmness from continuing to engage in protected free speech.

5.14 There is a clear nexus between Plaintiff's speech activities and Defendants' actions, and Defendants' actions were intended to chill Plaintiff's speech.

5.15 As a result of Defendants' retaliation against Plaintiff's exercise of her First Amendment right to free speech, Plaintiff has suffered and will continue to suffer damages, to include but not limited to financial losses, mental pain and anguish, emotional trauma, embarrassment, and humiliation, in an amount to be proven at trial.

COMPLAINT FOR DAMAGES • Page 12

PAUKERT & TROPPMANN, PLLC
Attorneys At Law
522 W. Riverside, Suite 560
Spokane, WA 99201
Telephone (509) 232-7760

5.16 The individual Defendants' actions in violating the federal civil rights set forth above were done intentionally, maliciously, wantonly, oppressively, and/or with reckless indifference, subjecting the employed individual Defendants to liability for punitive damages in an amount to be proven at trial.

5.17 All Defendants acted with a common purpose, with knowledge of what they were each doing, and contributed to legal injuries that are often difficult to divide, and Defendants are therefore jointly and severally liable for all remedies (including those for state law claims), except for punitive damages.

## STATE LAW CLAIM: MALICIOUS PROSECUTION

5.18 Plaintiff repeats, re-alleges and incorporates by reference the allegations in paragraphs 1.1 – 5.17.

5.19 Defendants acted under color of law to seek and institute the criminal prosecution of Plaintiff.

5.20 There was no probable cause to support the filing and continued prosecution of the charge of Malicious Mischief.

5.21 Defendants instituted and encouraged the criminal charge against Plaintiff through malice.

5.22 The proceedings against Plaintiff were terminated on the merits in favor of Plaintiff.

COMPLAINT FOR DAMAGES • Page 13

PAUKERT & TROPPMANN, PLLC
Attorneys At Law
522 W. Riverside, Suite 560
Spokane, WA 99201
Telephone (509) 232-7760

5.23  Plaintiff suffered injury or damage as a result of Defendants' instigation of prosecution against her, to include but not limited to financial losses, mental pain and anguish, emotional trauma, embarrassment, and humiliation, in an amount to be proven at trial.

## VI.  PRAYER FOR RELIEF

Plaintiff Bledsoe requests a bench trial, and that she be awarded:

6.1  Compensatory damages in an amount to be proven at trial;

6.2  Punitive damages to the extent authorized by law, in an amount to be proven at trial;

6.3  Plaintiff's reasonable attorney fees and costs, pursuant to 42 U.S.C. § 1988, or as otherwise provided by law.

6.4  Such other and further relief as the court deems just and equitable.

DATED  July 2, 2019.

**PAUKERT & TROPPMANN, PLLC**

By /s/ *Andrew S. Biviano, WSBA #38086*
ANDREW S. BIVIANO, WSBA #38086

By: /s/ *Breean L. Beggs, WSBA #20795*
BREEAN L. BEGGS, WSBA #20795

By: /s/ *Mary Elizabeth Dillon, WSBA #50727*
MARY ELIZABETH DILLON, WSBA #50727

Attorneys for Plaintiff

COMPLAINT FOR DAMAGES • Page 14

PAUKERT & TROPPMANN, PLLC
Attorneys At Law
522 W. Riverside, Suite 560
Spokane, WA 99201
Telephone (509) 232-7760