# Exhibit 11

# to Declaration of Mary Elizabeth Dillon in Support of Motion for Summary Judgment

FERRY COUNTY DISTRICT COURT
STATE OF WASHINGTON

FILED
AUG 20 2018
FERRY COUNTY
DISTRICT COURT

STATE OF WASHINGTON,

        Plaintiff,

vs.

JAINA LEE BLEDSOE,

        Defendant.

No. 18-15

**Ruling on Knapstad Motion**

On June 12, 2018 a hearing was held pursuant to CrRLJ 8.3 and *State v. Knapstad*, with the Defendant, Jaina Lee Bledsoe, acting *pro se*. The State was represented by Ferry County DPA, Tabbatha Denning. Ms. Bledsoe sought dismissal of the sole count of Malicious Mischief 3rd Degree, RCW 9A.48.090(1)(a).

## I.  FINDINGS OF FACT.

1.1    That on February 26, 2018, Officer Nick White responded to a call from the Ferry County Commissioners' Office regarding Bledsoe writing on the sidewalk in front of the office doors in Republic, Washington, Ferry County.

1.2    That upon arrival at the office, Officer White spoke with Amanda Rowton who stated that she saw Bledsoe drawing on the sidewalk with chalk.

1.3    That Rowton took a picture of the vehicle as it was leaving the parking lot, and that vehicle matches the vehicle that Bledsoe drives.

1.4    That there were two messages written outside on the sidewalk: "YOU ARE NOT SHEEP" and "YOU ARE NOT JACKASSES."[1]

1.5    That Officer White contacted Bledsoe in regards to the report.

---

[1] These "messages" stem from Commissioner Mike Blankenship somewhat infamously referring to some members of his Ferry County constituency who did not agree with his positions as "sheep" and "jackasses." Bledsoe in turn has waged a battle demanding an apology from Blankenship, in the newspaper, spilling out into this incident in front of the Commissioners' Office.



1

1.6     That Bledsoe informed Officer White that the writings were meant as words of encouragement for people attending the meeting scheduled that day.

1.7     That Officer White took photos of the writing, obtained surveillance video showing Bledsoe getting out of her truck and writing on the sidewalk outside the front door.

1.8     That the 911 Dispatch Audio of Amanda Rowton's call to the police, stating: "Hi, we just had Jaina Bledsoe run up to our office, and, like, graffiti, like, chalk in front of the doors…?"

1.9     That in dispatching the responding officer, the 911 Operator states, in what has to be the most sensible statement of this case: **"it was just in chalk, but they're requesting contact."** (Bold, mine)

1.10    That the chalk messages were erased soon thereafter prior to the commencement of the public meeting.

## II.    Knapstad Motion

A defendant may initiate a motion for pretrial dismissal under Rule 8.3, for "insufficient evidence establishing a prima facie case of the crime charged." CrRLJ Rule 8.3(c). The Defendant shall allege "there are no material disputed facts" and set out the agreed facts. *Id.*

> The court shall grant the motion if there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt. In determining defendant's motion, the court shall view all evidence in the light most favorable to the prosecuting attorney and the court shall make all reasonable inferences in the light most favorable to the prosecuting attorney.
>
> CrRLJ 8.3(c)(3)

2

### a. No Disputed Material Facts?

The Defendant states in her brief that there are no material disputed facts. Her recitation of the facts appears to come directly from the State's Declaration of Facts and from subsequent discovery provided by the State from Republic Police Officer Nick White's report and Ferry County 9-11 recordings. The State, however, argues that there are disputed facts. (For reference see Attachment 1 – The State's Declaration of Facts, from the original Motion and Declaration in Support of Probable Cause, and Attachment 2, Pages 1 and 2 of Defendant's Motion for Dismissal, noting Section II, "UNDISPUTED FACTS" numbered 1-9.)

The State disputes two material facts. First, the State claims that the chalking was not done on a sidewalk but rather it was done on an "entryway" to the board of commissioners' office, *Reply Brief,* 1. There is no explanation as to how the sidewalk in the declaration became an entryway for purposes of the argument, however, it is just a semantic argument, it lacks relevance, and it is not a material fact to be argued.

Second, the State now argues that it was not Amanda Rowton, but rather Jennifer Knowles who went outside to clean up the "entryway." The *pro se* defendant used the State's declaration in reliance in writing her brief, and that declaration in turn relied upon the officer's own report. The State also makes no mention of where it obtained this information from; instead simply stating it as though it were there in the Declaration from the beginning, but this too is not a material fact.[2]

### III. The Statute. Which Statute will it be? Sub-section 1(a) or 1(b)?

This case was charged as Malicious Mischief 3rd Degree under RCW 9A.48.090(1)(a). RCW 9A.48.090(1)(a), reads:

"A person is guilty of malicious mischief in the third degree if he or she:

(a) Knowingly and maliciously causes physical damage to the property of another, under circumstances not amounting to malicious mischief in the first or second degree.

---

[2] Material Fact: A fact that is significant or essential the issue or matter at hand. Here, Bledsoe admits she did it. It doesn't matter if it was Rowton, Knowles or Officer White himself who washed off the chalk.

3

In its reply brief, the State chooses to argue an uncharged alternate subsection 1(b): A person is guilty of malicious mischief in the third degree if he or she

(b) Writes, paints, or draws any inscription, figure, or mark of any type on any public or private building or other structure or any real or personal property owned by any other person unless the person has obtained the express permission of the owner or operator of the property, under circumstances not amounting to malicious mischief in the first or second degree.

I believe the State cadged this argument from the Defendant's alternate argument, yet made no move to amend the charge prior to oral argument. Ultimately the charge was not amended, so this subsection will not be addressed further.

Returning to the argument of subsection (1)(a): A person is guilty of malicious mischief in the third degree if he or she:

(a) Knowingly and maliciously causes physical damage to the property of another, under circumstances not amounting to malicious mischief in the first or second degree.

The question that remains: Did the Defendant cause physical damage to the property of another? The State cites RCW 9A.48.100 for the definition of physical damage, the pertinent part highlighted in bold and underlined by the State, "also **includes any diminution in the value of any property as the consequence of an act and the cost to repair any physical damage.**"

There was no "diminution in value" nor could there be – the defendant scrawled on a paved surface with a child's colored chalk. On the packaging of the chalk it says "temporary", meaning "not permanent", the stuff *washes away*. Was it tacky for her to do so? Yes. Criminal? No.

For purposes of Knapstad, the Court must determine that (1) there are no material disputed facts; (2) the undisputed facts do not establish a prima facie case of guilt; (3) the Court views all evidence in the light most favorable to the prosecuting attorney and (4) the Court makes all reasonable inferences in the light most favorable to the State.

4

FERRY CO 4458_PRR #5_000082

The Court finds that there are no material disputed facts, they do not establish a prima facie case of guilt, the Court has viewed all evidence in the light most favorable to the State, and made all reasonable inferences in the light most favorable to the State. Therefore, the Court grants the Defendant's Knapstad Motion.

### IV.    Freedom of Speech

The defendant raised the very important issue of freedom of speech in her Knapstad brief. This freedom, so sacred and dearly held in our nation that the framers of our Constitution and Bill of Rights sought to place it in the very first Amendment to the Constitution, is not one that can be taken lightly, argued or decided in an off-hand manner. I have spent a great amount of time considering this motion but ultimately this issue was given very sparse and insufficient briefing for the seriousness of the issue, therefore I will not rule on it.

### V.    Misconduct of State Actors

In the very last paragraph of the Defense motion, in the final two sentences, the Defendant makes a final plea: "It must be dismissed in the interest of justice per CrR 8.3 DISMISSAL Section (c)(3) and (4). Furthermore, although CrR(c)(4) provides for dismissal without prejudice, dismissal with prejudice is warranted as this case and surrounding misconduct of state actors was in violation of law and public policy."

While it irks me to no end to have attorneys quote CrR in District Court briefs, it is hard to fault a self-represented litigant, especially when she raises a good point at the very last second of the game. While the 'misconduct' itself is not documented within the four corners of the written briefs, nor stated in the Findings of Facts, it was well documented in the Oral Arguments and is therefore a part of the record.

As part of pre-trial discovery, the Defendant deposed all three county commissioners: Johnna Exner, Nate Davis, and Mike Blankenship. The depositions were

5

conducted by Deputy Prosecutor Denning and Defendant Bledsoe at the Prosecutor's Office.

According to Ms. Bledsoe, the commissioners, if called as witnesses, could "not be relied upon to answer truthfully." All three commissioners, it was uncontested, were in agreement, that Bledsoe should be prosecuted fully for her alleged crime. And finally, according to Bledsoe, and again, uncontested by Ms. Denning, Commissioner Blankenship believed that Bledsoe should be convicted and punished with the "full year in jail and five thousand dollar fine" for the drive-by chalking. It was not noted whether Davis or Commissioner Exner agreed with that assessment for punishment.

According to Jail Superintendant Shawn Davis it costs between $70-79 per day to house someone in the Ferry County Jail. That was from an email between the superintendant and myself from several years ago. Going with the low end of $70 per day, housing Ms. Bledsoe for Commissioner Blankenship's wished for 12 months (minus four months for the expected good behavior), so, saying 8 months, the resulting cost for this chalking incident would be ($70x240 days) $16,800 taxpayer dollars.

All of this is to say this is not about chalk. This is about a personal dislike for a citizen of Ferry County. This is about something going on in the commissioners' office between them and the defendant – I don't know, I'm not there to see it; this is just one outcome of whatever is going on. But does it rise to the level of misconduct? Dislike, yes. Hatred, maybe. What the facts show, however, is that it was Amanda Rowton who made the phone call on that day, however oddly panicked and unnecessary, it may have been:

*"Hi, we just had Jaina Bledsoe run up to our office, and, like, graffiti, like, chalk in front of the doors...?"*

Imagine the outcome if she had stepped outside and asked the defendant to stop? Or threatened to take away her chalk? Alas, we'll never know.

What the facts do not answer is – did one of the county commissioners order her to make the call? Those facts are not in evidence. It was not misconduct to call dispatch,

6

just an unfortunate decision that set this ball in motion; one that may have been better solved by walking out and telling the Defendant to knock it off and go home. Recall the words of the dispatcher, always, the wise and cool-headed amongst us: "it was just in chalk, but they're requesting contact." Oh, well, it can't be undone.

The accusation that the defendant could not call them as witnesses should come as no surprise. They are the accusers and would be termed "hostile witnesses" to begin with. While there is obvious ill-will toward the defendant, there is no misconduct. The misconduct motion is denied.

### VI.   Order

The Defense *Knapstad* Motion to Dimiss without Prejudice is hereby granted.

SO ORDERED this 20th Day of August 2018.

_____
JUDGE THOMAS DAVID BROWN
Ferry County District Court

7