Jerry J. Moberg and James E. Baker
Moberg Rathbone Kearns, P.S.
124 3rd Avenue S.W. -- P.O. Box 130
Ephrata, WA 98823
jmoberg@mrklawgroup.com
jbaker@mrklawgroup.com
Phone: (509) 754-2356
Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAINA BLEDSOE, A SINGLE WOMAN, | No. 2:19-CV-00227 RMP |
| Plaintiff, | **DEFENDANTS' STATEMENT OF DISPUTED MATERIAL FACTS** |
| v. | |
| FERRY COUNTY, WASHINGTON, et al., | |
| Defendants. | |

COME NOW Defendants pursuant to Local Civil Rule 56(c)(1)(B) and submit Defendants' Statement of Disputed Material Facts in connection with Plaintiff's Statement of Material Facts. (ECF 29.)

DATED this 4th day of September 2020.

MOBERG RATHBONE KEARNS, P.S.

*s/ Jerry J. Moberg and James E. Baker*
JERRY J. MOBERG, WSBA No. 5282
JAMES E. BAKER, WSBA No. 9459
Attorneys for Defendants

\\PROLAWSVR\lawdata\Documents\Ferry County\Bledsoe v. Ferry County  Claim # 49551 TW\Pleadings - Misc\595964.doc

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL FACTS
Page 1 of 23
No. 2:19-cv-00227-RMP

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

# DEFENDANTS' STATEMENT OF DISPUTED MATERIAL FACTS

1.     Ferry County Commissioner Mike Blankenship at various times in 2017 described community members advocating for a non-motorized recreational trail as "sheep" or "jackasses."  No objection; provided that there is no evidence in the record that Commissioner Blankenship referred to Plaintiff as a sheep or a jackass.

2.     Plaintiff regularly purchased advertising space in the local newspaper in Republic in which she wrote opinion pieces often criticizing the Ferry County Commissioners including Commissioner Blankenship for his use of insults and pejoratives when referring to his constituents.  No objection.

3.     Commissioner Blankenship publicly responded to the criticisms of his rhetoric in the local newspaper.  Objection to the extent that Plaintiff did not quote the part of the letter that stated: "It should be understood that any statement, comment or word that does not name an individual or object directly could only be offensive to those who feel it describes them."  (ECF 30-6 at 367.)

4.     On Oct. 17, 2017, Plaintiff delivered to the Commissioners' building a shepherd's crook and a note addressed to Commissioner Blankenship.     No objection.

MOBERG RATHBONE KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

5. Plaintiff quoted the content of the note. (ECF 30-7 at 370.) No objection.

6. The Ferry County Commissioners called the police and reported Plaintiff's shepherd's crook and note as "harassment as of statements that were posted on Facebook." Plaintiff cited to Exhibit 7 of counsel's declaration referring to the police report. (ECF 30-7 at 371-372.) Objection. Lack of relevance. Fed. R. Evid. 402. Plaintiff did not allege a First Amendment violation based upon the crook and note occurrence. Plaintiff's First Amendment claim is based solely on the chalking incident of Feb. 26, 2018. (Complaint ECF 1 ¶ 5.3.) Objection. Anything in the police report attributed to any Defendant is hearsay. Fed. R. Evid. 802. Objection. Lack of authentication. Fed. R. Evid. 901. Objection. Misstatement of evidence. The police were called by Commissioner Davis and not the "Ferry County Commissioners." Commissioner Davis testified that he called the Sheriff's Office to have the items taken away. (ECF 30-4 at 327.) The police report (ECF 30-7 at 371) states: "Nature L Harassment" The category of "harassment" was assigned by law enforcement; there is no evidence that any Defendant used the term "harassment." The police report (ECF 30-7 at 371) states: "Complainant . . . FERRY COUNTY COMMISSIONERS" Commissioner Davis called the Sheriff's Office on his own. (ECF 39-4 at 327.) The police report (ECF 30-7 at 371) states:

MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

"Call Taker Comments: RP'S FOUND A CROOK ON THE DESK WITH A NOTE ON IT FROM JAINA / RPS ADVISE THAT IT IS HARASSMENT AS OF STATEMENTS THAT WERE POSTED ON FACEBOOK" There is no evidence that any Defendant referred to the matter as harassment. The police report (ECF 30-7 at 371) states: "SUBJECT [Plaintiff] CALLED BACK SAID WE CAN THROUGH *[sic]* THE ITEMS AWAY / SUBJECT WAS INFORMED THAT COMMISSIONERS CAN NOT ACCEPT GIFTS / CLOSE AS INFO"

7. Commissioner Davis testified that "there was nothing illegal" about the shepherd's crook and note. No objection. Commissioner Davis testified that he saw the crook and note "as an escalation, and I just wanted nothing to do with it. And I didn't want – I wanted to tone it down." Objection. Lack of relevance. Fed. R. Evid. 402. Plaintiff did not allege that her First Amendment rights were violated due to the shepherd's crook and note occurrence. Plaintiff's First Amendment claim was based solely on the chalking incident of Feb. 26, 2018. (Complaint, ECF 1 ¶ 5.3.)

Commissioner Davis called law enforcement and asked law enforcement to take possession of the crook and note to prevent them from being received by the intended recipient, Commissioner Blankenship. Plaintiff cited the Depo. of Commissioner Davis at 23-31. (ECF 30-4 at 326-334.) Objection. Lack of

MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

relevance. Fed. R. Evid. 402. Plaintiff did not allege that her First Amendment rights were violated due to the shepherd's crook occurrence. Plaintiff's First Amendment claim was based solely on the chalking incident of Feb. 26, 2018. (Complaint, ECF 1 ¶ 5.3.) Objection is also made for misstatement of the evidence. Commissioner Davis testified:

> I see it as an intimidation tactic. I didn't want it exciting anymore with my fellow commissioner, and so I just wanted it removed. So I asked if they would go do something with it, and I have no idea what they did or didn't do with it. I just know they came, grabbed it and left.

(ECF 30-4 at 327.) Commissioner Davis testified he simply expected the sheriff

> [t]o get it out of our office. That's all I cared about at that point. I just didn't want anything to do with that. I didn't want to upset my fellow commissioners, and so whatever happened with it I didn't really care at that point.

(ECF 30-4 at 327-28.) Commissioner Davis was asked why he called the sheriff and responded:

> Just because whenever there's an issue or something, you know . . . given the other lead up of different things and all the controversy and then all the negative ads in the paper against Mike Blankenship and the cheap comments and all of that, I was just trying to tone it down or I just wanted, you know, to keep it from escalating into something big.

(ECF 30-4 at 328.)

8.     On Feb. 26, 2018, Plaintiff wrote with chalk on the walkway leading to the meeting room: "You are not sheep" and "You are not jackasses." No objection.

MR  MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

9. Plaintiff placed chalk messages leading to the two entrances to the county-owned Commissioners' building. No objection.

10. Public communication notices are posted on the doors of the Commissioners' building. No objection.

11. The chalked messages caused no property damage and did not impair access to the building. No objection.

12. Ms. Rowton observed the writing in chalk on the walkway and described it to Commissioners Exner, Blankenship and Davis, who were engaged in a public meeting session. Plaintiff cited the Depo. of Rowton at 35 (ECF 30-2 at 287), the Depo. of Blankenship at 64 (ECF 30-3 at 312) and the Depo. of Davis at 36 (ECF 34-4 at 335). Objection. Misstatement of evidence. Ms. Rowton testified that the board members knew that Plaintiff was doing the chalking but "I don't think they knew what she wrote." (ECF 34-4 at 287-88.) Ms. Rowton testified that "I hadn't walked over to see the other one, and so at the time they said to call I probably just told them about the one that's close by the front door." (ECF 34-2 at 288.) Commissioner Blankenship testified that there was a meeting going on and he left the meeting to go check outside. (ECF 30-3 at 312.) Commissioner Blankenship testified:

> [Going outside] had nothing to do with what was on the sidewalk. It
> was the presentation of someone outside our building. And we park our

MR MOBERG RATHBONE KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA 98823
(509) 754-2356 | Fax (509) 754-4202

vehicles out there. I wanted to make sure nobody was vandalizing my truck.". Commissioner Davis testified: "I think our clerk alerted that there was somebody outside. And . . . we didn't know what was going on or anything.

(ECF 30-4 at 335.)

13.    The consensus decision of the Board of Commissioner was to direct Ms. Rowton to call the police to report Plaintiff's conduct. Plaintiff cited the Depo. of Ms. Rowton at 35 (ECF 30-2 at 287), the Depo. of Commissioner Blankenship at 68 (ECF 30-3 at 315) and witness notes of Ms. Denning at Bates No. 4458 000054 of Exhibit 10.[1]  Ms. Rowton testified that the Commissioners "said to call . . . to report it so that there could be a record. . . . The consensus of the board was to call the police." (ECF 30-2 at 287.) Commissioner Blankenship testified that "I suspect there was a consensus somewhere in the room that it needed to be reported" and "I would guess" there was a consensus among the Commissioners. (ECF 30-3 at 315.) Commissioner Blankenship testified that there was no consensus of the Commissioners of what Ms. Rowton should say to the police.  (*Id.*)

14.    Deputy Prosecuting Attorney Denning's notes from the interview of Commissioner Exner stated "as a board pursue criminal charge unanimous decision." For this assertion, Plaintiff's counsel cited to Exhibit 10 (ECF 30-10 at 383-414) to counsel's declaration; counsel represented that the exhibit was a true

---

[1]     Exhibit 10 (ECF 30-10 at 383-414) does not include Bates No. 4458 000054.

\\PROLAWSVR\lawdata\Documents\Ferry County\Bledsoe v. Ferry County  Claim # 49551 TW\Pleadings - Misc\595964.doc

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL FACTS
Page 7 of 23
No. 2:19-cv-00227-RMP

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

and correct copy of the notes taken by Ms. Denning. Objection. Lack of personal knowledge. Fed. R. Evid. 602. Objection. Hearsay. Fed. R. Evid. 802. Objection. Lack of authentication. Fed. R. Evid. 901. Objection. Because Plaintiff made an audio recording of her interview of Commissioner Exner, the original recording must be submitted. Fed. R. Evid. 1002.

Commissioner Davis did not recall whether the decision to call law enforcement was made by the Board or by Ms. Rowton. Plaintiff cited the Depo. of Davis at 45. (ECF 30-4 at 340.) No objection.

15.     Ms. Rowton told the responding officer that she was reporting the chalking because Plaintiff had "acted out against" the Commissioners previously. Plaintiff cited the police report, which was Exhibit 9 to counsel's declaration. (ECF 30-9 at 379.) Objection. Hearsay. Fed. R. Evid. 802. Objection. Lack of authentication. Fed. R. Evid. 901.

16.     Ms. Rowton testified that she conveyed the reason for the call (because Plaintiff "had acted out against them before") to the responding officer at the direction of the Board of Commissioners. Plaintiff cited to the Depo. of Ms. Rowton at 38-39. (ECF 30-2 at 290-91.) No objection.

17.     Ms. Rowton and Commissioner Blankenship testified that the Board decided to call the police because of the prior actions of Plaintiff and because they

\\PROLAWSVR\lawdata\Documents\Ferry County\Bledsoe v. Ferry County  Claim # 49551 TW\Pleadings - Misc\595964.doc

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL FACTS
Page 8 of 23
No. 2:19-cv-00227-RMP

MR MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

were concerned about her behavior "escalating" and wanted to stop it. Plaintiff cited to the Depo. of Ms. Rowton at 40. (ECF 30-2 at 292) and the Depo. of Commissioner Blankenship at 67. (ECF 30-3 at 314.) Ms. Rowton testified: "I would say [the Commissioners] wanted to create a record for the string of actions because they were concerned about it escalating." (ECF 30-2 at 292.) No objection as to Ms. Rowton's testimony. As Commissioner Blankenship's testimony, he testified that he cannot speculate whether the decision to call the police was made collectively by the Commissioners, and the reason for calling the police was: "A sense of escalation. . . . We went from writing in the newspaper to now we're marking up the sidewalk, and then what's next? . . . I was not afraid, but I feared for my staff that it could escalate, come in here, push, shove, whatever." (ECF 30-3 at 314.) Objection as to Commissioner Blankenship's testimony not being put into context. Commissioner Blankenship acknowledged that the reason one calls the police to report conduct is to deter a person from engaging in the conduct in the future. Plaintiff cited to the Depo. of Commissioner Blankenship at 34-35. (ECF 30-3 at 309-310.) Objection because the questions asked were argumentative and Commissioner Blankenship answered hypothetical questions not related to Plaintiff's case:

MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

Q      Do you think that filing a police report and leading to criminal charges against someone is deterring them from engaging in that behavior?

. . .

A.      If it's an illegal activity, absolutely.

Q.      Okay.  So yes? You say that it's a yes, that it does help to deter someone from doing that again, correct?

A.      Rephrase the whole thing. I got --

Q.      No, never mind.  I'll move on. So just like if you get a ticket for driving too fast, punishing you for driving too fast, that ticket is intended to deter you from driving that speed again, correct?

A.      Trust me, I've had a few, and it does.

Q.      Okay. So if you see somebody committing an offense on the street, if they're jaywalking or something, and you report them to the police, that's an attempt to deter them from jaywalking, right?

. . .

A.      I would assume that was the intent.

(ECF 30-3 at 309-310.)

18.    The Board of Commissioners directed that the words written by Plaintiff be immediately removed and part of the reason that he directed it to be cleaned up so quickly was to prevent the public from seeing it. Plaintiff cited the Depo. of Commissioner Davis at 46. (ECF 30-4 at 341.)  Objection. Misstatement

MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

of evidence.  Commissioner Davis did not testify that the chalking was removed

due to content of the words used by Plaintiff.  Commissioner Davis testified:

> Q.   Why was it important to get it removed before the one o'clock
> meeting?
>
> A.   Because it's our building, and I think . . . just trying to keep the
> meeting at peace and not try to stir people up and just to get if off
> there. It's unprofessional. We try to be profession as a county, and we
> needed to clean it up.
>
> Q.   You cleaned it up because you didn't want people attending the
> one o'clock meeting to see what Jaina had written?
>
> A.   We were cleaning it up because at that point . . . it's considered
> part of the building, and we knew there was going to be a lot of people
> coming.. And it wouldn't have mattered if we had that meeting or not.
> We probably would have cleaned it up.
>
> Q.   Was part of the reason why you cleaned it up so that people
> attending the one o'clock meeting would not see what Jaina had
> written?
>
> A.   I suppose there might be a piece of that. But as far as I'm
> concerned, regardless of that, you know – and I have in other
> statements alluded to the fact I'm sue that we had a contentious
> meeting before, and I'm trying to keep the . . . .

(ECF 30-4 at 341.)   Commissioner Davis testified: "In my opinion, it is

inappropriate to write on the entry way to the Commissioner's building regardless

of the content of the message."  (ECF 33-3 at 500 ¶ 5.)

19.   Commissioner Davis testified that the budgetary authority of the

County Commissioners "theoretically [has] influence on every department"

MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

including the Prosecuting Attorney's Office. Plaintiff cited the Depo. of Commissioner Davis at 10-11. (ECF 30-4 at 324-325.) Objection. Lack of relevance, theoretical and speculative. Fed. R. Evid. 402. Ms. Burke testified: "If the Board of County Commissioners or an individual Commissioner asked me to initiate a criminal case, the Board or an individual Commissioners would be in the same position as a private citizen who made the same request." (ECF 33-1 at 488.)

20. Commissioner Blankenship testified that he would not call law enforcement to report people writing with chalk on public property in other circumstances such as seeing two people writing support for a presidential candidate in chalk on county property. Plaintiff cited to the Depo. of Commissioner Blankenship at 51. (ECF 30-3 at 311.) Objection. Hypothetical, speculation and lack of relevance. Fed. R. Evid. 402, Fed. R. Evid. 602, *United States v. Lloyd,* 807 F.3d 1128, 1154 (9th Cir. 2015) (speculative testimony is not admissible); Fed. R. Civ. P. 56(c)(4) (evidence must be made on personal knowledge and set forth admissible facts). Commissioner Blankenship was not asked about the area where Plaintiff chalked. Commissioner Blankenship was asked about chalk on a "city street" or "county road" and under those circumstances Commissioner Blankenship testified: "I wouldn't call anybody." (ECF 30-3 at 311.)

MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

21.     Commissioner Davis testified that he is "not sure" if he would call police if other people chalked friendly messages where Plaintiff wrote with chalk and Commissioner Davis testified that he probably would call the police if someone wrote "Black Lives Matter" where Plaintiff wrote with chalk. Plaintiff cited the Depo. of Commissioner Davis at 56-60 and 65-66. (ECF 30-4 at 344-348 and ECF 30-4 at 349-50.) Objection. Hypothetical questions about what Commissioner Davis might do in the future are asking the witness to speculate and are not relevant. Fed. R. Evid. 402, 602; *United States v. Lloyd,* 807 F.3d 1128, 1154 (9th Cir. 2015) (lay witness testimony is not admissible on mere speculation); Fed. R. Civ. P. 56(c)(4) (evidence must be made on personal knowledge and set out admissible facts). Commissioner Davis testified he would not report chalking on the street because it would not be "part of our building" and if a person chalked elsewhere I guess in my opinion I guess they can write whatever at that point." (ECF 30-4 at 344.) Commissioner Davis testified that if "it wasn't part of our building . . . it wasn't as big a concern." (ECF 30-4 at 345.) Commissioner Davis testified that as far as putting chalk on public property "I don't think there's been another incident with chalk." (ECF 30-4 at 345.)  Commissioner Davis was simply asked hypothetical questions of what he might do in any specific circumstance.  The hypothetical questions included some children drawing pictures of flowers or rainbows or a high

MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

school student writing "Go Tigers" at the entry of the Commissioners' building. (ECF 30-4 at 345-36.) Commissioner Davis testified that he was "not sure" what he would have done. (ECF 30-4 at 346.) Another hypothetical was whether his friends wrote "Happy Birthday, Nathan" and Commissioner Davis testified:

> I mean, every scenario's different, you know. The fact that anybody does something that's on our building, you know, it's kind of a violation of trust. But I can't answer that. I don't know. . . . I mean, I probably wouldn't, given context. But at the same time, it's context, you know. . . . But, you know, if I saw a swastika on there I would probably be offended. If I saw KKK on there I'd probably be, like, concerned, you know. But that's just a natural reaction.

(ECF 30-4 at 347.) Commissioner Davis testified:

> I'd probably remove both [the swastika and the happy birthday wishes] because it's a public entity, and we try to be professional here, and part of upkeeping our old stuff that we have here would be to keep graffiti or whatever cleaned up. So I don't think it would matter.

(ECF 30-4 at 347-48.) Commissioner Davis testified that he would probably call the police if he saw a swastika on the Commissioners' building and he probably would not make a report for friends making birthday wishes. (ECF 30-4 at 348.) Commissioner Davis testified: "And I guess I considered writing on our building crossing the line." (ECF 30-4 at 349.) Another hypothetic question that was asked as whether Commissioner Davis would call police if "Black Lives Matter" was written in chalk at the Commissioners' building in the same place where Plaintiff

MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

wrote and he testified: "Probably." (ECF 30-4 at 349-50.)   Commissioner Davis

was asked:

> You're telling me . . . that if people were to write political messages
> such as "Black Lives Matter" or "Protect the Police" or "Blue Lives
> Matter" on the walkway or the steps or any of the public walkways to
> the commission building, you're saying that you would call the police
> on them every time?

(ECF 30-4 at 350.)  Commissioner Davis testified:

> I'm saying that essentially if it's right there I think that's out of bounds
> in my opinion. I mean, if they want to go out on the sidewalk and do it,
> that's fine. They want to do it in the middle of the road, so be it. If they
> want to gather . . . at the flag, I don't have a problem with that. But at
> the end . . . it's encroaching on our office, and at that point . . . we're
> having to have people go out there and clean it off and take care of our
> building.

(ECF 30-4 at 350.)

22.    While other persons have placed chalk on public property in Ferry

County, there have been no police reports or criminal charges filed against any

person other than Plaintiff.  Plaintiff cited the Decl. of Heather Meyer with attached

photos of chalking in Ferry County (ECF 31 at 423-32) and the Depo. of Ms. Burke

at 39-40. (ECF 30-1 at 277-78.) Objection. Lack of relevance. Fed. R. Evid. 402.

Ms. Meyer attached photos of her chalking on the sidewalk of a motel in Republic,

which has nothing to do with chalking at the entry way to the Commissioners'

building. Ms. Burke was simply shown photos of Ms. Meyer's chalking and was

MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

not aware of it until Plaintiff's counsel showed her the photos. (ECF 30-1 at 277.)

Ms. Burke testified that she has not received any information to review on the

chalking. (*Id.*)

23.    "The Ferry County Prosecutors Office would not have filed charges

against plaintiff but for the actions of Defendants calling the police and seeking

criminal charges."  Plaintiff cited the Depo. of Ms. Burke at 73-74. (ECF 30-1 at

279-80.) Objection.  Misstates testimony. Plaintiff's assertion is based upon the

testimony of Prosecuting Attorney Burke, who simply stated that if an occurrence

was not reported then "we wouldn't have had any . . . information to base our

charging decision on."  (ECF 30-1 at 279.)    Ms. Burke did not state that the

Commissioners were "seeking criminal charges."  In fact, Ms. Burke testified that

when prosecuting cases on behalf of the state of Washington, the Commissioners

have no influence whatsoever. (ECF 33-1 ¶ 3.) Ms. Burke testified that no

Commissioner asked her to initiate a criminal charge. (ECF 33-1 ¶ 8.) Ms. Burke

testified that, whether a Commissioner or a private person was involved, her

internal criterial for making a charging decision does not change. (ECF 33-1 ¶ 4.)

Ms. Burke testified that the reporting party was Ms. Rowton and Ms. Burke was not

aware of any personal contact with Ms. Rowton. (ECF 33-1 ¶ 7.) Ms. Burke

testified that she did not have any conversation on the matter with Commissioners

**MR** MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

Blankenship, Exner or Davis. (ECF 33-1 ¶ 8.) Ms. Burke testified that the only conversation she had on the matter was with Deputy Prosecuting Attorney Denning. (ECF 33-1 at 489 ¶ 9.) Ms. Burke testified that she told Ms. Denning to treat the matter like she would any other case even though the Commissioners' office was involved. (ECF 33-1 ¶ 10.) Ms. Burke testified that a charging decision is based upon the elements of the offense and whether the elements are met. (ECF 33-1 ¶ 12.) Ms. Burke testified that she and Ms. Denning concluded that the elements of malicious prosecution were met. (ECF 33-1 ¶ 12.) Ms. Burke testified that the offense should have been charged under the second prong of RCW 9A.48.090. (ECF 33-1 ¶ 15.) Ms. Burke testified that her office made the independent decision to charge Plaintiff with malicious mischief. (ECF 33-1 ¶ 18.) Ms. Burke testified: "I'm not aware of any other malicious mischief charges being filed because I haven't received any others to review. . . . If somebody doesn't submit a police report about anything, then I'm not going to review anything." (ECF 30-1 at 277-278.)

24.     Deputy Prosecuting Attorney Denning testified that it was her professional judgment that the facts of the chalking at issue did not warrant criminal prosecution and that it was her opinion that her office would not have brought charges if not for the Board of Commissioners pushing it. Plaintiff cited the Depo.

MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

of Ms. Denning at 30, 52. (ECF 30-5 at 358, 364.)  Objection.  Lack of relevance. Fed. R. Evid. 402.  Objection. Speculation and lack of personal knowledge. Fed. R. Evid. 602, *United States v. Lloyd,* 807 F.3d 1128, 1154 (9th Cir. 2015) (lay witness testimony is not admissible on mere speculation); Fed. R. Civ. P. 56(c)(4) (evidence must be made on personal knowledge and set out admissible facts).

25.     Deputy Prosecuting Attorney Denning testified that she initially thought from reading the police report was that "it was silly" and her initial opinion was that "I'm going to decline this, that there's no damage done. But, again, once I saw the commissioners as victims I was going to take that to the higher person in my office."  Plaintiff cited the Depo. of Ms. Denning at 28.  (ECF 30-5 at 356.) Objection.  Lack of relevance. Fed. R. Evid. 402.

26.     Deputy Prosecuting Attorney Denning testified that she believed it was the desire of the Board of Commissioners to prosecute Plaintiff that outweighed her professional judgment and led to the filing of charges. Plaintiff cited the Depo. of Ms. Denning at 30 (ECF 30-5 at 358.)  Objection. Lack of relevance. Fed. R. Evid. 402. Objection. Speculation and lack of personal knowledge. Fed. R. Evid. 602, *United States v. Lloyd,* 807 F.3d 1128, 1154 (9th Cir. 2015) (lay witness testimony is not admissible on mere speculation); Fed. R. Civ. P. 56(c)(4) (evidence must be made on personal knowledge and set out admissible facts).

MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

27.    Deputy Prosecuting Attorney Denning testified that she believes that the content of Plaintiff's chalk messages was "certainly part of" the reason Plaintiff was prosecuted and that she "believe[s] there is some possibility" that the prosecution was due to the fact that Plaintiff had a history of criticizing the County Commissioners. Plaintiff cited the Depo. of Ms. Denning at 49-50. (ECF 30-5 at 361-62.)   Objection. Lack of relevance. Fed. R. Evid. 402.   Objection. Unduly prejudicial. Fed. R. Evid. 403. Objection. Speculation and lack of personal knowledge. Fed. R. Evid. 602, *United States v. Lloyd,* 807 F.3d 1128, 1154 (9th Cir. 2015) (lay witness testimony is not admissible on mere speculation); Fed. R. Civ. P. 56(c)(4) (evidence must be made on personal knowledge and set out admissible facts).

28.    Deputy Prosecuting Attorney Denning testified that after Plaintiff was charged that Commissioner Blankenship told her that he thought the appropriate punishment for Plaintiff would be the maximum punishment. Plaintiff cited the Depo. of Ms. Denning at 34. (ECF 30-5 at 359.) No objection; provided that, there is no evidence in the record to suggest that Commissioner Blankenship knew that the maximum penalty was 364 days in jail and a $5,000 fine.

29.    Deputy Prosecuting Attorney Denning testified that the maximum sentence for third degree malicious mischief was not reasonable in this case.

MR MOBERG RATHBONE KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

Objection. Lack of relevance. Fed. R. Evid. 402. Ms. Burke testified that Plaintiff was never going to be subjected to the maximum punishment if convicted. (ECF 33-1 at 489 ¶ 11.)

30. Commissioner Davis testified that he did not have any conversations with anyone at the prosecutor's office about what he wanted to see happen with the prosecution of Plaintiff. No objection. Counsel for Plaintiff stated that Exhibit 10 was a true and correct copy of witness interview notes taken by Deputy Prosecuting Attorney Denning. (ECF 30-10 at 400-407.) Objection. Hearsay. Fed. R. Evid. 802. Objection. Lack of authentication. Fed. R. Evid. 901. Deputy Prosecuting Attorney Denning took notes during the interview of Commissioner Davis during which Commissioner Davis used the phrases "actions inappropriate" and "pattern of behavior" and "about principle, not cost sometimes" and "believes incident crossed line/is a crime." (ECF 30-10 at 402, 406.) Objection. Hearsay. Fed. R. Evid. 802. Objection. Lack of authentication. Fed. R. Evid. 901. Moreover, Plaintiff audio recorded the interview of Commissioner Davis. Objection to Ms. Denning's alleged note when the audio recording consists of the actual evidence. Fed. R. Evid. 1002.

31. On Aug. 20, 2018, the Judge of Ferry County District Court granted Plaintiff's motion to dismiss the charges of malicious mischief because the facts did not support the offense. No objection; provided that, at the hearing Ms. Denning

MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

attempted to amend the charge under the second prong of the malicious mischief statute but the Court denied the motion. The Court stated: "I believe the State caged this argument [under the second prong] yet made no move to amend the charge prior to oral argument. Ultimately the charge was not amended . . . ." (ECF 30-11 at 419.)

32.     Judge Brown stated in his order "the uncontested fact that all three commissioners were in favor or prosecuting Ms. Bledsoe for writing in chalk and the uncontested fact that Commissioner Blankenship believed that Ms. Bledsoe should receive the maximum sentence . . . ." Court opinion at 6. (ECF 30-11 at 421.)    Objection. Lack of relevance. Fed. R. Evid. 402. Objection. Unduly prejudicial. Fed. R. Evid. 403. Objection. Hearsay. Fed. R. Evid. 802. Objection. Speculation and lack of personal knowledge. Fed. R. Evid. 802, 602, *United States v. Lloyd,* 807 F.3d 1128, 1154 (9th Cir. 2015) (lay witness testimony is not admissible on mere speculation); Fed. R. Civ. P. 56(c)(4) (evidence must be made on personal knowledge and set out admissible facts). Judge Brown concluded: "All of this is to say this is not about chalk. This is about a personal dislike for a citizen of Ferry County. This is about something going on in the commissioners' office between them and the defendant." Same objections as above for No. 32. Ms. Burke testified: "I can say I think that that particular judge quite often puts personal

MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

opinions into his opinions that may not – may or may not be supported by the facts in the case." (ECF 30-1 at 279.)

### 



P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System and the Clerk will send notification to:

Andrew S. Biviano
abiviano@pt-law.com

Breean L. Beggs
bbeggs@pt-law.com

Mary Elizabeth Dillon
bdillon@pt-law.com

DATED this 4th day of September 2020 at Ephrata, WA.

MOBERG RATHBONE KEARNS, P.S.

*s/ Dawn Severin*
DAWN SEVERIN, PARALEGAL

\\PROLAWSVR\lawdata\Documents\Ferry County\Bledsoe v. Ferry County  Claim # 49551 TW\Pleadings - Misc\595964.doc

DEFENDANTS' STATEMENT OF DISPUTED MATERIAL FACTS
Page 23 of 23
No. 2:19-cv-00227-RMP

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202